(No. 80-CV-0292—<span style="background:black">       </span>

*In re* APPLICATION OF FRANCES DAWKINS.

*Order filed April 24, 1980.*

FRANCES DAWKINS, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOU-DREAU, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on May 19, 1979. Frances Dawkins, mother of the victim, Dewitt Dawkins, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on May 19, 1979, the victim was shot by an offender known to him, over a dispute that arose during a dice game in which the victim and the offender were participating. The incident occurred in a school play lot located at 739 N. Long Avenue, Chicago, Illinois. The victim was taken to St. Anne's Hospital where he expired the following day. The offender was apprehended, prosecuted and found guilty of voluntary manslaughter.

2. That section 3(f) of the Act states that a person is entitled to compensation under the Act if the injury to or death of the victim was not substantially attributable to his wrongful act or substantial provocation of his assailant. Gambling is a crime in the State of Illinois under the provisions of Ill. Rev. Stat., ch. 38, par. 28.1. This Court has consistently held since the Court's decision in the case of *In re Application of Hardy*, 31 Ill. Ct. Cl. 230, that where a victim was killed as a result of arguments during gambling, such a victim substantially contributed through his illegal acts to his own injury or death.

This Court in the *Hardy* case said:

"Although this Court cannot ignore this brutal killing, neither can it ignore the evidence before it as to the circumstances leading to it. The Act under which this claim is made is intended to compensate for injuries or death to victims who were innocent of any contribution to their own injury or death. The victim in this case, placed himself in a situation, through his illegal activities, where further illegal activities would be the probable result. Surely, the victim did not expect to be murdered, but just as surely he did place himself in a situation where he can not be considered an innocent victim."

The reasoning is wholly applicable to the case before us.

3. That the evidence indicates that the victim was involved in a dice game for money prior to his being shot, and that the shooting resulted from a dispute as to the proceeds of the dice game. Playing dice for money is an illegal act in violation of the Illinois Criminal Code, (Ill. Rev. Stat. 1977, ch. 38, par. 28—1). Therefore, the victim's death was substantially attributable to his wrongful act.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is, hereby denied.